UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER M. GATES,

                Plaintiff,

    v.

KING COUNTY, *et al.*,

               Defendants.

Case No. C19-1185-JCC-MLP

REPORT AND RECOMMENDATION

### I.    INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action brought under 42 U.S.C. § 1983. Plaintiff Christopher Gates has been granted leave to proceed with this action *in forma pauperis*. (Dkt. # 5.) Service has not been ordered. This Court, having reviewed Plaintiff's amended complaint (dkt. # 10), and the balance of the record, concludes that Plaintiff has not stated a claim upon which relief may be granted in this action. The Court therefore recommends that Plaintiff's amended complaint and this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

REPORT AND RECOMMENDATION
PAGE - 1

## II.     BACKGROUND

Plaintiff submitted his civil rights complaint to the Court for filing on July 29, 2019. (*See* Dkt. # 1.) Plaintiff asserted in his complaint that he had been denied adequate access to the King County Correctional Facility ("KCCF') law library during the course of his incarceration there. (Dkt. # 6 at 3.) Plaintiff identified KCCF and King County Prosecuting Attorney Pascal Herzer as Defendants in his complaint. (*Id*. at 1, 2.) Plaintiff appeared to request injunctive relief and damages. (*See id*. at 4.)

After reviewing Plaintiff's complaint, this Court determined that the pleading was deficient. Thus, on September 5, 2019, the Court issued an Order declining to serve Plaintiff's complaint and granting him leave to amend. (Dkt. # 7.) The Court advised Plaintiff therein that KCCF was not a proper Defendant in this action. (*Id*. at 2 (citing *Nolan v. Snohomish County*, 59 Wn.App. 876, 883 (1990).) The Court went on to explain that Plaintiff could pursue a claim against King County itself, but that in order to do so he would have to specifically identify the County as a defendant, he would have to identify the County "policy" or "custom" that caused him harm, he would have to identify the federal constitutional right he believed had been violated by the identified "policy" or "custom," and he would have to allege specific facts demonstrating that the municipality was the moving force behind the injury alleged. (*Id*. at 2-3.) The Court also advised Plaintiff that he had not stated any viable claim for relief against Mr. Herzer. (*Id*. at 3.)

On November 7, 2019, Plaintiff submitted an amended complaint to the Court for review. (Dkt. # 10.) Plaintiff alleges therein that the legal access scheme at KCCF is deficient in various ways. (*Id*. at 7-10.) Plaintiff also alleges that the KCCF employees responsible for law library

REPORT AND RECOMMENDATION
PAGE - 2

scheduling, and for addressing requests and grievances relating to the law library workstation, have made no effort to correct deficiencies in the workstation and policies governing its use, nor have they meaningfully responded to Plaintiff's complaints regarding the workstation. (*Id*. at 10-11.) Plaintiff claims that the alleged deficiencies in the legal access scheme have prevented the effective filing of "a 9th Circuit Habeas Corpus Petition due March 18, 2020" and "other contemplated 1983 actions." (*Id*. at 11-12.) Plaintiff also claims that the alleged deficiencies have interfered with his ability to litigate this action as evidenced by the fact that he has already had to amend his complaint because of his failure to state a claim or identify defendants correctly. (*Id*. at 12.)

Plaintiff identifies King County as a Defendant in his amended complaint as well as KCCF employees Gregg Curtis, Deborah Ogle, and J. Kang. (*Id*. at 4-5.) Plaintiff seeks relief in the form of an order directing KCCF to implement a constitutionally sound law library program, an order extending deadlines for planned litigation, and $10,000 per month in damages. (*Id*. at 17.)

### III.   DISCUSSION

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

REPORT AND RECOMMENDATION
PAGE - 3

Plaintiff claims that Defendants have violated his right of access to the courts. In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court acknowledged that inmates have a constitutional right of meaningful access to the courts premised on the due process clause. *Id*. at 821. The Supreme Court subsequently made clear that in order to adequately allege a cause of action for deprivation of the right of access to the courts, an inmate must demonstrate that he suffered some actual injury to his right of access. *Lewis v. Casey*, 518 U.S. 343 (1996).

The Supreme Court explained in *Lewis* that *Bounds* did not create an abstract, free-standing right to a law library or to legal assistance, and that an inmate therefore could not establish relevant actual injury "simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id*. at 351. Rather, in order to establish a *Bounds* violation, an inmate is required to demonstrate that the alleged shortcomings in the prison's legal access scheme had hindered, or were hindering, his ability to pursue a non-frivolous legal claim. *See id*. at 354-55.

Plaintiff asserts that he has suffered an actual injury to his right of access because the deficiencies in the KCCF legal access scheme have prevented him from the effective filing of a "9th Circuit Habeas Corpus Petition." (Dkt. # 10 at 11-12.) Plaintiff provides no additional details about this potential action, but a review of this Court's records suggests that Plaintiff may be referring to a possible motion under 28 U.S.C. § 2255 challenging his November 2016 conviction in this Court following a stipulated facts bench trial. *See United States v. Christopher Gates*, CR15-253-JCC (petition for writ of certiorari denied by United States Supreme Court March 18, 2019). Plaintiff has not identified any non-frivolous claim he may wish to pursue on collateral review of that conviction nor is the Court persuaded that the alleged deficiencies in the

REPORT AND RECOMMENDATION
PAGE - 4

KCCF legal access scheme will prevent Plaintiff from meeting a deadline which is still four months away.

To the extent Plaintiff asserts that the alleged deficiencies in the legal access scheme will interfere with his ability to file other contemplated civil rights actions, his claim is too vague to establish actual injury. Finally, to the extent Plaintiff claims that the alleged deficiencies in the legal access scheme hindered his ability to effectively file this action, he has not established any actual injury. It is true that the Court declined to serve Plaintiff's original complaint because he failed to identify proper defendants and failed to adequately state a claim for relief. However, Plaintiff was able to present a relatively well formulated amended complaint in response to this Court's Order declining to serve his original complaint, and the content of that pleading suggests some familiarity with the basic elements of an access to courts claim. While this Court has concluded that the facts alleged in Plaintiff's amended complaint are not sufficient to state a viable access to courts claim, this deficiency cannot reasonably be attributed to the alleged inadequacies in the legal access scheme at KCCF.

### IV.   CONCLUSION

Plaintiff has not adequately stated any viable claim for relief in his amended complaint nor does it appear likely that Plaintiff would be able to do so if he were permitted an additional opportunity to amend. Accordingly, this Court recommends that Plaintiff's amended complaint and this action be dismissed with prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. The Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed order accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION
PAGE - 5

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 20, 2019**.

DATED this 22nd day of November, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 6