THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER M. GATES, | CASE NO. C19-1185-JCC |
| Plaintiff, | ORDER |
| v. | |
| KING COUNTY CORRECTIONAL FACILITY *et al.*, | |
| Defendants. | |

This matter comes before the Court on the report and recommendation of the Honorable Michelle L. Peterson, United States Magistrate Judge (Dkt. No. 11). Plaintiff is currently confined at the King County Correctional Facility ("KCCF") in Seattle, Washington. Plaintiff's amended complaint alleges that KCCF and certain individual Defendants are violating his Sixth Amendment right to access the courts by denying him access to a law library that would allow him to adequately prepare a *habeas* petition and 42 U.S.C. § 1983 actions. (*See* Dkt. No. 10 at 6–14.) Judge Peterson recommends that the Court dismiss Plaintiff's amended complaint without prejudice because he lacks standing. (*See* Dkt. No. 11 at 4–5.) Judge Peterson bases her recommendation on the following grounds: (1) Plaintiff has not identified any non-frivolous claim that he may wish to pursue on collateral review of his November 2016 criminal conviction; (2) Plaintiff has not persuaded Judge Peterson that the alleged deficiencies in KCCF's legal

access scheme would prevent him from meeting the March 2020 deadline for filing his contemplated *habeas* petition; (3) Plaintiff's allegations regarding other contemplated § 1983 actions are too vague; and (4) Plaintiff's ability to present a relatively well formulated amended complaint belie his claim that KCCF's purportedly deficient legal access scheme has prevented him from litigating effectively in the current proceedings. (*See id.*)

Plaintiff has filed objections to Judge Peterson's report and recommendation. (Dkt. No. 12.) Plaintiff argues that he need not identify non-frivolous claims that he wishes to pursue to plead actual injury; he need only plead that KCCF's legal access scheme has prevented him from effectively preparing contemplated legal actions. (*See id.* at 2–3.) In addition, Plaintiff argues that he can establish actual injury even if he has not yet missed the deadline for his *habeas* petition and that Judge Peterson conflates standing with the merits of his claim by requiring him to prove that KCCF's legal access scheme will prevent him from filing a *habeas* petition. (*See id.* at 4, 7.) Finally, Plaintiff seeks leave to amend his complaint to allege more specific facts about his contemplated *habeas* petition and § 1983 actions. (*Id.* at 10.) Plaintiff argues that leave is appropriate because he could cure the deficiencies in his amended complaint and because he was not warned that he needed to be specific about the claims he planned to raise in his *habeas* petition and his § 1983 actions. (*See id.* at 10.)

Having reviewed Plaintiff's amended complaint, Judge Peterson's report and recommendation, Plaintiff's objections, and the relevant record, the Court concludes that at this stage, Plaintiff has adequately alleged that he was injured by KCCF's legal access scheme in violation of his constitutional rights. This preliminary conclusion is not, however, a decision on the merits. Once Defendants are served, they are free to argue that Plaintiff lacks standing or has failed to state a claim. In addition, the Court finds it appropriate to grant Plaintiff's request for leave to amend his complaint to more specifically state the § 1983 actions that he is contemplating and his possible grounds for relief under 28 U.S.C. § 2255. (*See* Dkt. No. 12 at 10.) The Court therefore ORDERS as follows:

1. Judge Peterson's report and recommendation (Dkt No. 11) is REJECTED.
2. Plaintiff's request for leave to amend his complaint is GRANTED. (*See* Dkt. No. 12 at 10.) Plaintiff is ORDERED to file an amended complaint within 30 days of the date of this order.
3. Once Plaintiff has filed an amended complaint, the Clerk is DIRECTED to issue and serve summons and the amended complaint pursuant to 28 U.S.C. § 1915(d).

DATED this 31st day of January 2020.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE