UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER M. GATES,<br><br>                      Plaintiff,<br><br>   v.<br><br>KING COUNTY CORRECTIONAL FACILITY, *et al*.,<br><br>                      Defendants. | Case No. C19-1185-JCC-MLP<br><br>ORDER DIRECTING PLAINTIFF TO SUPPLEMENT THE RECORD |

       This is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff Christopher Gates is proceeding with this action *pro se* and *in forma pauperis*. Currently pending before the Court are the parties' motions for summary judgment. (Dkt. ## 30, 36.) Upon reviewing Plaintiff's motion papers, the Court noted references to discovery filings, disclosures, and submissions, none of which were attached to Plaintiff's papers. (*See* Dkt. # 37 at 3, 5; Dkt. # 43 at 4, 9.) A review of the Court's docket suggests that Plaintiff's reference to discovery materials likely pertains to materials he submitted to the Court in early April 2021, around the time Defendants filed their summary judgment motion and a month before Plaintiff filed his own summary judgment motion

ORDER DIRECTING PLAINTIFF TO
SUPPLEMENT THE RECORD - 1

and his response to Defendants' motion. (*See* Docket entry dated April 7, 2021; Dkt. ## 30, 36, 37.)

Because Fed. R. Civ. P. 5(d)(1)(A) and Local Civil Rule 5(d) both specifically provide that discovery requests and responses are not to be filed unless they are used in the proceedings, and because it did not appear Plaintiff was attempting to use the discovery for any specific purpose at the time it was submitted, the Clerk's Office issued a notice advising Plaintiff that his discovery documents would not be filed and the documents were mailed back to Plaintiff at his address of record, the King County Jail.[1] (*See id.*) That mail was thereafter returned to the Court with a notation indicating that Plaintiff was no longer at the Jail. (*See* Dkt. # 35.) After the mail was returned to the Court, the notice sent to Plaintiff on April 7, 2021 was scanned into the Court's electronic filing system, as was the envelope in which the documents were mailed to Plaintiff, but the documents themselves were not scanned. (*See id.*) Unfortunately, the Court has thus far been unable to locate Plaintiff's discovery documents.

It is not clear from the materials currently before the Court how pertinent these documents are to the pending summary judgment motions. Plaintiff references the documents in a general fashion in his response to Defendants' motion to for summary judgment (Dkt. # 37 at 3, 5), and in a document entitled "Plaintiff's supplemental objections to Defendant's asserted material falsehoods and reply in support of Plaintiff's Motion for Summary Judgment" (dkt. # 43 at 4, 9). Plaintiff, however, does not cite to any specific document(s) or portions of the submitted materials to support his factual positions as is required by Fed. R. Civ. P. 56(c)(1). The Court

---

[1] The cited rules also apply to initial disclosures under Fed. R. Civ. P. 26(a)(1). However, actions brought by *pro se* prisoners are exempt from the initial disclosure requirement. Fed. R. Civ. P. 26(a)(1)(B)(iv).

ORDER DIRECTING PLAINTIFF TO
SUPPLEMENT THE RECORD - 2

also observes that Plaintiff's purported objections and reply brief were not timely filed and, thus, are arguably not properly before the Court at this juncture.[2] (Dkt. # 43.)

Despite the various infirmities in Plaintiff's submissions, the Court is reluctant to proceed to disposition of the pending summary judgment motions without giving Plaintiff an opportunity to supplement the record with any discovery materials he deems necessary to support his factual positions. Assuming Plaintiff retained a copy of the discovery materials previously submitted to the Court, he may simply re-file the documents. If Plaintiff did not retain a copy of the documents, he presumably served a copy of the documents on counsel for Defendants, as required by Fed. R. Civ. P. 5(d), and he may therefore be able to confer with Defendants' counsel and arrange for a copy of the documents to be forwarded to the Court.

Based on the foregoing, the Court hereby ORDERS as follows:

(1)   Plaintiff is directed to RE-SUBMIT his discovery materials not later than **August 20, 2021**. The parties' pending summary judgment motions (dkt. ## 30, 36) are RE-NOTED on the Court's calendar for consideration on that date.

(2)   The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable John C. Coughenour.

Dated this 3rd day of August, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[2] Plaintiff signed this document on June 17, 2021, and it was received for filing on June 23, 2021. (Dkt. # 43.) However, the parties' summary judgment motions were noted for consideration on June 4, 2021, and any briefing pertaining to those motions was due by that date.

ORDER DIRECTING PLAINTIFF TO
SUPPLEMENT THE RECORD - 3