UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER M. GATES,

                Plaintiff,

     v.

KING COUNTY, *et al.*,

                Defendants.

Case No. C19-1185-JCC-MLP

ORDER STRIKING MOTIONS FOR SUMMARY JUDGMENT AND RE-OPENING DISCOVERY

      This is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff Christopher Gates is proceeding with this action *pro se* and *in forma pauperis*. Currently pending before the Court are the parties' motions for summary judgment. (Dkt. ## 30, 36.) On August 3, 2021, this Court issued an Order directing Plaintiff to supplement the record with discovery materials referenced in his summary judgment motion papers. (Dkt. # 45.) The Court explained therein that Plaintiff had submitted his discovery materials to the Court prematurely in April 2021, that the Court thereafter attempted unsuccessfully to send the materials back to Plaintiff at the King County Jail, and that the materials were subsequently returned to the Court but the Court has since been unable to locate them. (*Id.* at 2.) The Court, presuming Plaintiff had retained a copy of his

ORDER STRIKING MOTIONS FOR
SUMMARY JUDGMENT AND RE-
OPENING DISCOVERY - 1

discovery materials, or at least had the ability to access a copy of the materials, directed Plaintiff to supplement the record with a copy of those materials not later than August 20, 2021, and re-noted the parties' summary judgment motions for consideration on that date. (*Id*. at 3.)

Plaintiff did not resubmit his discovery by the designated date but, instead, submitted a lengthy response to the Court's Order and a supporting declaration, which were received for filing on August 25, 2021. (Dkt. ## 46, 47.) Plaintiff details in his response his objections to the Court's Order and expresses his belief that his discovery materials were improperly rejected in the first instance. (*See* dkt. # 46 at 2-3.) He also indicates in his response that he is unable to resubmit his discovery because the King County Jail does not provide copies to *pro se* inmates and he therefore does not have copies of the documents to resubmit. (*See id*. at 5, 9.)

A review of Plaintiff's response reveals a fundamental misunderstanding of the way in which the discovery process operates in a federal civil case. Plaintiff apparently interpreted the Court's Pretrial Scheduling Order to require the parties to submit to the Court materials in their possession relevant to the underlying claims by the discovery deadline set forth in the Order. However, that is not what the Order provides and, indeed, there is no requirement in cases brought by *pro se* prisoners that disclosures be made by either side absent a specific request for discovery made in accordance with the federal discovery rules. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv); Fed. R. Civ. P. 30-36. The discovery deadline established by the Court in its Pretrial Scheduling Order was not a deadline by which the parties were required to submit their discovery to the Court, it was instead a deadline by which any discovery the parties wished to undertake had to be completed.

ORDER STRIKING MOTIONS FOR
SUMMARY JUDGMENT AND RE-
OPENING DISCOVERY - 2

It does not appear that Plaintiff ever engaged in any discovery, he simply intended to rely on materials he already had in his possession. When Plaintiff submitted those materials to the Court in April 2021, they were properly rejected in accordance with Fed. R. Civ. P. 5(d)(1)(A) and Local Civil Rule ("LCR") 5(d) because the discovery was not, in fact, being used in the proceeding as contemplated by the rules, nor did the Court order that the materials be filed. Given that those materials have now been misplaced, the Court must determine how best to proceed at this juncture. Plaintiff, in his response to the Court's Order directing him to supplement the record, requests that the Court defer resolution of the pending summary judgment motions pursuant to Fed. R. Civ. P. 56(d) to allow him time to obtain necessary discovery. (Dkt. # 46 at 10.) The Court deems that request reasonable under the circumstances. The Court will therefore strike the pending summary judgment motions and issue an amended pretrial scheduling order establishing new deadlines for both the completion of discovery and for the filing of dispositive motions. The parties may, if they wish, re-submit their current summary judgment motions for consideration at the conclusion of the discovery period. However, to avoid confusion, the Court will not consider any of the summary judgment papers currently on file.

The parties are reminded that strict compliance with the Federal Rules of Civil Procedure and the local rules of this Court is required.[1] The lone exception is that Plaintiff will not be required to serve copies of any materials that are not "hand created" on Defendants' counsel as he has satisfied the Court that he does not have the ability to reproduce such documents.

---

[1] Plaintiff correctly notes in his response to this Court's Order directing him to supplement the record that Defendants' response to his motion for summary judgment was untimely because it was not mailed to him on the Friday preceding the noting date as required by LCR 7(d)(3). (*See* dkt. # 46 at 3-4.)

ORDER STRIKING MOTIONS FOR
SUMMARY JUDGMENT AND RE-
OPENING DISCOVERY - 3

However, any documents which Plaintiff drafts himself, such as future motions, responses, etc., must be served on Defendants' counsel even if that means Plaintiff has to handwrite the requisite copies for service.

Based on the foregoing, the Court hereby ORDERS as follows:

(1)     The parties' pending summary judgment motions (dkt. ## 30, 36) are STRICKEN. The Court will issue a separate Order setting forth new pretrial deadlines.

(2)     The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable John C. Coughenour.

Dated this 8th day of September, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER STRIKING MOTIONS FOR
SUMMARY JUDGMENT AND RE-
OPENING DISCOVERY - 4