UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER GATES,

              Plaintiff,

    v.

KING COUNTY, *et al.*,

             Defendants.

Case No. C19-1185-JCC-MLP

ORDER GRANTING MOTION TO STAY

This is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff Christopher Gates is proceeding with this action *pro se* and *in forma pauperis*. Currently pending before the Court is Plaintiff's "Notice of Unavailability and Request for Stay of Proceedings pending Appeal/Unavailability" ("Plaintiff's Motion"). (Dkt. # 53.) Defendants did not file a response.

Plaintiff's Motion indicates that he will be unavailable to participate in this matter from November 12, 2021, to March 12, 2022. (Dkt. # 53 at 1.) Plaintiff's Motion incorporates a declaration from his recent appeal of this matter to the Ninth Circuit that notes he was transferred from the King County Correctional Facility to the custody of the Washington Department of Corrections ("DOC"), and placed at the Washington Corrections Center ("WCC") in Shelton, Washington, on November 12, 2021. *See Gates v. King County Correctional Facility, et al.*,

ORDER GRANTING MOTION TO STAY - 1

Case No. 21-35875 (9th Cir.), Dkt. # 3 at 1-2. As a result, Plaintiff claims that he will not be able to meaningfully participate in this case due to his lack of access to a law library and legal resources until he is placed in a more long-term DOC facility. *See id.* at 2. Plaintiff further represents that it may take two to four months for him to be placed in a long-term DOC facility, but due to the COVID-19 pandemic and staffing shortages, that length of time is uncertain. *Id.* Consequently, Plaintiff's Motion requests that the Court stay the proceedings in this matter until March 12, 2022, pending either the outcome of his appeal to the Ninth Circuit or the conclusion of his period of unavailability. (Dkt. # 53 at 2.)

Courts have inherent power to stay proceedings. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In considering the appropriateness of a stay, courts balance the competing interests of the parties, including: (1) the damage that may result from a stay; (2) inequity suffered by a party if the case moves forward; and (3) any impact to the "orderly course of justice." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citation omitted).

Here, Plaintiff's appeal of this Court's amended pretrial scheduling order (dkt. # 49) was dismissed by the Ninth Circuit for lack of jurisdiction on November 9, 2021, as not final or appealable pursuant to 28 U.S.C. § 1291. (Dkt. # 52 at 1.) However, based on Plaintiff's representations regarding his lack of access to a law library and legal resources, and Defendants' lack of opposition to Plaintiff's Motion, the Court finds that a brief stay in this matter is appropriate.

Based on the foregoing, the Court hereby ORDERS as follows:

(1) Plaintiff's Motion (dkt. # 53) is GRANTED, and this action will be STAYED until **March 11, 2022**. Plaintiff is free to move to lift the Court's stay should he be transferred from WCC to a different DOC facility prior to **March 11, 2022**.

ORDER GRANTING MOTION TO STAY - 2

(2) The December 22, 2021 dispositive motions deadline set forth in the Court's previous scheduling order (dkt. # 49) is STRICKEN. The Court will enter a new scheduling order once the stay is lifted.

(3) The Clerk is directed to send copies of this Order to the parties and to the Honorable John C. Coughenour.

Dated this 2nd day of December, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER GRANTING MOTION TO STAY - 3