UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER M. GATES,<br><br>                      Plaintiff,<br><br>   v.<br><br>KING COUNTY, *et al.*,<br><br>                      Defendants. | Case No. C19-1185-JCC-MLP<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION TO EXTEND STAY |

This is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff Christopher Gates filed the instant action while confined at the King County Correctional Facility in Seattle, Washington. (*See* dkt. # 1.) He is now in the custody of the Washington Department of Corrections ("DOC") and is confined at the Washington Corrections Center ("WCC") in Shelton, Washington. Currently pending before the Court is Plaintiff's motion to extend the stay previously entered in this action. (Dkt. # 57.) Defendants have not responded to Plaintiff's motion.

On December 2, 2021, this Court granted Plaintiff's request to stay proceedings in this matter until March 12, 2022. (Dkt. # 55.) Plaintiff, in relation to his prior request for a stay,

ORDER DENYING PLAINTIFF'S
MOTION TO EXTEND STAY - 1

indicated that he would not be able to meaningfully participate in this case for the period of the requested stay because he would not have access to a law library or his legal materials while confined at WCC where he expected to be transferred soon after he submitted his request. *See Gates v. King County Correctional Facility, et al.*, Case No. 21-35875 (9th Cir.), dkt. # 3 at 1-2.[1] Plaintiff suggested that he would be unable to participate in this action until he was placed in a long-term DOC facility which he estimated could take two to four months. *See id*. at 2.

In his current motion, Plaintiff indicates that he is still confined in the receiving units at WCC where his access to legal resources is "extremely limited." (Dkt. # 57 at 1.) Plaintiff indicates as well that program movements at WCC, including law library access, completely ceased in late December 2021 because of a COVID-19 outbreak, and that the facility was still on outbreak status as of February 21, 2022, the date Plaintiff signed his motion. (*Id*. at 1-2.) Plaintiff requests that the previously entered stay be extended indefinitely until he is "transferred to a longer term D.O.C. facility that is adequately suited to provide the necessary legal access." (*Id*.) Plaintiff suggests that this could still take several more months. (*See id*. at 1.)

This Court's review of the DOC's website, which provides updated information on COVID-19 outbreaks in DOC facilities, revealed that WCC resumed normal operations on March 2, 2022. *See* https://www.doc.wa.gov/corrections/covid-19/docs/2022-0302-all-wcc-staff-and-incarcerated-individuals-memo-wcc-covid-19-weekly-update.pdf (last accessed March 23, 2022). It thus appears that law library access is now once again available at WCC. While Plaintiff asserts in his motion to extend the stay that the law library access scheme at WCC was

---

[1] In his original request for a stay, Plaintiff incorporated by reference a declaration he submitted in an appeal to the Ninth Circuit of a prior Order of this Court. (*See* dkt. # 53 at 2.) That appeal has since been dismissed. (*See* dkt. # 52.)

ORDER DENYING PLAINTIFF'S
MOTION TO EXTEND STAY - 2

inadequate to allow him to meaningfully participate in this action even prior to the latest COVID-19 restrictions (*see* dkt. # 57 at 2), Plaintiff fails to satisfy the Court that an indefinite stay is warranted at this time.

At this point in these proceedings, all that remains is for the Court to set a dispositive motion filing deadline so that the parties can re-file their previously stricken summary judgment motions. The Court will set that deadline out 60 days to allow Plaintiff a reasonable amount of time to re-file his dispositive motion. The Court will also provide Plaintiff with a copy of his second amended complaint, the operative complaint in this action, and the summary judgment materials he previously submitted, to ensure he has access to the legal materials he is likely to need in order to prepare and re-file his motion.

Based on the foregoing, the Court hereby ORDERS as follows:

(1) Plaintiff's motion to extend the stay in this matter (dkt. # 57) is DENIED, and the previously entered stay is LIFTED. A new scheduling order will be issued in conjunction with this Order.

(2) The Clerk is directed to send a copy of this Order to Plaintiff together with copies of his second amended complaint (dkt. # 17), his motion for summary judgment (dkt. # 36), and his declaration in support of his motion for summary judgment (dkt. # 38). The Clerk is further directed to send copies of this Order to counsel for Defendants and to the Honorable John C. Coughenour.

Dated this 24th day of March, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S
MOTION TO EXTEND STAY - 3