UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER GATES,<br><br>                     Plaintiff,<br><br>        v.<br><br>KING COUNTY CORRECTIONAL FACILITY, *et al*.,<br><br>                     Defendants. | Case No. C19-1185-JCC-MLP<br><br>REPORT AND RECOMMENDATION |

### I.   INTRODUCTION

This is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff Christopher Gates filed the instant action while confined at the King County Correctional Facility ("KCCF") in Seattle, Washington. (*See* dkt. # 1.) He is now in the custody of the Washington Department of Corrections ("DOC") and remains confined at the Washington State Penitentiary ("WSP") in Walla Walla, Washington. Currently pending before the Court is: (1) Plaintiff's Motion for Voluntary Dismissal ("Plaintiff's Motion") (dkt. # 64); and (2) Defendants' Second Motion for Summary Judgment ("Defendants' Motion") (dkt. # 62).

Having considered the parties' submissions, the governing law, and the balance of the record, the Court recommends that: (1) Plaintiff's Motion (dkt. # 64) be GRANTED; (2)

REPORT AND RECOMMENDATION - 1

1  Defendants' Motion (dkt. # 62) be DENIED as moot; and (3) that this matter be DISMISSED
2  without prejudice, as further explained below.

3  ## II.    BACKGROUND

4  On November 18, 2021, Plaintiff filed a request for a stay of proceedings. (Dkt. # 53.)
5  Plaintiff's request for a stay indicated that he would not be able to meaningfully participate in
6  this matter because he would not have access to a law library or his legal materials while
7  confined at the Washington Corrections Center ("WCC") in Shelton, Washington, where he
8  expected to be transferred after he submitted his request. (*See* dkt. # 55 at 1-2.) At that time,
9  Plaintiff maintained that he would be unable to participate in this action until he was placed in a
10 long-term DOC facility. (*See id*.) On December 2, 2021, this Court granted Plaintiff's request to
11 stay until March 12, 2022. (*Id.* at 2.)

12 On February 25, 2022, Plaintiff requested that the stay be extended indefinitely until
13 Plaintiff was transferred to a long-term DOC facility that would allow him adequate access to a
14 law library or legal materials. (Dkt. # 57.) On March 24, 2022, this Court denied Plaintiff's
15 request for an indefinite stay because the Court determined that law library access had resumed
16 at WCC on March 2, 2022. (Dkt. # 59 at 2-3.) Consequently, the Court lifted the previously
17 entered stay and issued a scheduling order. (Dkt. ## 59-60.) On May 20, 2022, Defendants filed
18 their Motion. (Defs.' Mot.)

19 On June 13, 2022, Plaintiff filed his Motion. (Pl.'s Mot.) Plaintiff's Motion seeks
20 voluntary dismissal of this case, without prejudice, due to his difficulties litigating this action.
21 (Pl.'s Mot. at 1-3.) Specifically, Plaintiff states that he was transferred from the KCCF to DOC
22 custody in November 2021, but that from December 2021 to April 2022, he had no access to a
23 law library or his own legal materials. (*Id.* at 1.) Since his transfer to WSP, Plaintiff notes that he

REPORT AND RECOMMENDATION - 2

has now received access to a legal workstation, but that due to COVID-19 restrictions and staff shortages at WSP, such access has remained restricted. (*Id.*) Plaintiff additionally indicates that during his transfer to DOC custody in November 2021, Plaintiff was separated from several of his legal documents and that he is still awaiting transfer of those documents to his possession.[1] (*Id.* at 2.)

### III.   DISCUSSION

Plaintiff's Motion argues that dismissal of this case without prejudice is appropriate due to several impediments to litigation that he has faced and because Defendants cannot demonstrate legal prejudice. (Pl.'s Mot. at 3.) Defendants counter that Plaintiff's Motion should be denied, and that the Court should instead grant Defendants' Motion, because Plaintiff ostensibly seeks dismissal of his claims to avoid an unfavorable determination. (Defs.' Resp. (dkt. # 65) at 1-2.) Defendants argue that Plaintiff was given ample time to litigate his claims based on this Court's grant of the prior stay and previous continuances. (*Id.* at 2.)

A request for voluntary dismissal after defendants have served an answer may be granted only with leave of court "on terms that the court considers proper." Fed. R. Civ. P. 41 (a)(2). Unless otherwise stated, the dismissal is without prejudice. *Id.* However, "[w]hen ruling on a [plaintiff's] motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).

Legal prejudice has been defined as "prejudice to some legal interest, some legal claim, some legal argument." *Westlands*, 100 F.3d at 97. "[U]ncertainty because a dispute remains

---

[1] Plaintiff additionally notes that some of his legal documents were also lost after he submitted them to this Court in April 2021. (Pl.'s Mot. at 2; *see also* dkt. # 48.) The Court attempted to send Plaintiff's materials back to him at the KCCF, but those documents were returned to the Court as undeliverable, and the Court has since been unable to locate them. (*See* dkt. # 48 at 1-2.)

REPORT AND RECOMMENDATION - 3

1   unresolved" or due to "the threat of future litigation" does not result in legal prejudice. *Id.* Legal
2   prejudice also does not necessarily result because the defendant incurred expenses in defending
3   against a lawsuit, faces the prospect of a second lawsuit, or where plaintiff gains some tactical
4   advantage by the dismissal. *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) (citing *Hamilton*
5   *v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145-46 (9th Cir. 1982)).

6       Here, Defendants contend that Plaintiff seeks to avoid a "near-certain" adverse ruling on
7   Defendants' Motion based on his sought voluntary dismissal. (Defs.' Mot. at 1-2.) However, it
8   does not appear that Plaintiff seeks to avoid an adverse ruling, or some tactical advantage, by
9   seeking dismissal of his claims without prejudice. Plaintiff's Motion instead details, and the
10  overall record demonstrates, that Plaintiff has had extensive and sustained difficulties litigating
11  this matter in a timely fashion due to his prison transfers, his lack of regular access to a law
12  library as a result of such transfers and COVID-19 restrictions, and because of his separation
13  from his legal materials after transfer to DOC custody. (*See* Pl.'s Mot. at 1-3; *see also* dkt. ## 48,
14  55, 59.). It is clear that submitting a response to Defendants' Motion has been difficult for
15  Plaintiff based on these impediments, and that Plaintiff's sought voluntary dismissal does not
16  merely seek to avoid an adverse ruling. Defendants have also otherwise failed to argue or
17  demonstrate how they would be prejudiced by granting Plaintiff's Motion. (*See* Defs.' Resp.)
18  Accordingly, Plaintiff's Motion should be granted as Defendants will not suffer legal prejudice
19  from dismissal of Plaintiff's claims without prejudice.

20                      **IV.    CONCLUSION**

21      For the foregoing reasons, the Court recommends: (1) Plaintiff's Motion (dkt. # 64) be
22  GRANTED; (2) Defendants' Motion (dkt. # 62) be DENIED as moot; and (3) that this matter be
23

REPORT AND RECOMMENDATION - 4

DISMISSED without prejudice. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Objections, and any response, shall not exceed twelve pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 29, 2022**.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable John C. Coughenour.

Dated this 6th day of July, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5